McCAIN, Justice.
This case is before us pursuant to a mandate of the Supreme Court of the United States,[1] decided May 20, 1974, reversing a decision of this Court[2] and remanding the cause for reconsideration consistent with the views expressed therein.
The suit originally sought to enjoin petitioner union’s alleged breach of a no-strike clause contained in a collective-bargaining agreement, which breach arguably is also an unfair labor practice under the Labor Management Relations Act.[3] William E. Arnold Co., the plaintiff in the original action, obtained a temporary restraining order prohibiting a strike by the Carpenters Union. The Carpenters then sought a writ of prohibition from the District Court of Appeal, contending that the Circuit Court lacked jurisdiction to order injunctive relief because the alleged breach of the no-strike clause was also arguably an unfair labor practice. The District Court of Appeal denied the petition for writ of prohibition and, upon a petition for writ of cer-tiorari, this Court reversed, holding that:
“It is unquestionable that state courts do have jurisdiction to enforce a collective-bargaining agreement and to enjoin a strike in violation of a ‘no-strike’ clause contained therein, but not when the strike is also arguably an unfair la[1] bor practice prohibited by federal law.” at 302.
*11 The Supreme Court of the United States reversed this Court’s holding, stating that:
“ . . . When, however, the activity in question also constitutes a breach of a collective-bargaining agreement, the Board’s authority ‘is not exclusive and does not destroy the jurisdiction of the courts in suits under § 301.’ Smith v. Evening News Ass’n, supra, 371 U.S. [195], at 197, 83 S.Ct. [267], at 269 [9 L.Ed.2d 246]. This exception was explicitly reaffirmed in Motor Coach Employees v. Lockridge, 403 U.S. 274, 297-298, 91 S.Ct. 1909, 1923-1924, 29 L.Ed.2d 473 (1971).”
As a result of that opinion, the issue of whether the Circuit Court had jurisdiction to enter the temporary restraining order prohibiting a strike by the Carpenters Union has been resolved.
For this reason the cause is remanded to the District Court of Appeal for further proceedings consistent herewith.
It is so ordered.
ADKINS, C. J., and ERVIN, BOYD and DEKLE, JJ., concur.

. Styled: William E. Arnold Co. v. Carpenters District Council of Jacksonville and vicinity et al., 417 U.S. 12, 94 S.Ct. 2069, 40 L.Ed.2d 620.

. 279 So.2d 300 (1973).

. 29 U.S.C. § 185.